**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-01097-RM

DAVID LEE SMITH, and
MARY JULIA HOOK

      Plaintiffs,

v.

LNV CORPORATION, INC.,

      Defendant.

_____

**ORDER DISMISSING CASE WITH PREJUDICE**
_____

By Order dated April 15, 2019, the Court withdraw the reference of Adversary Proceeding No. 18-1250-TBM ("*Hook II*"). That proceeding is now the above-captioned case. Thereafter, the Court ordered the parties to show cause why this action should not be dismissed based on a number of legal bases including improper claim splitting and claim or issue preclusion. Defendant timely responded but Plaintiffs did not.[1] Nonetheless, even if the Court considered Plaintiffs' untimely response, they fail to show this action should not be dismissed.

**I.    BACKGROUND**

The parties are well-versed with the proceedings which precede this Order, so it will only be briefly set forth here. In summary, Defendant filed an action against Plaintiffs and others,

---

[1] Because Plaintiffs are attorneys, their filing are not afforded the liberal construction ordinarily given to pro se litigants. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001); *see also Hook v. United States*, 624 F. App'x 972, 976 (10th Cir. 2015) ("Because Ms. Hook is an attorney proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings.").

titled *LNV Corp. v. Hook et al.*, 14-cv-00955-RM-SKC ("*Hook I*"), to foreclose on and determine various interests in real property. Plaintiffs filed counterclaims and affirmative defenses which were fully decided in *Hook I*. Indeed, *Hook I* has been decided in its entirety, the real property has been sold, and the orders which Plaintiff Hook appealed have been affirmed. *See LNV Corp. v. Hook,* 807 F. App'x 893, 894 (10th Cir. 2020), cert. denied, -- U.S. --, 141 S. Ct. 939, 208 L. Ed. 2d 477 (2020); *LNV Corp. v. Hook*, No. 20-1167, 2021 WL 1343674, at *1, -- F. App'x -- (10th Cir. Apr. 12, 2021). While *Hook I* was pending, Plaintiffs filed bankruptcy. Dissatisfied with the orders and results in *Hook I*, Plaintiffs sought relief before the Bankruptcy Court. When the Chapter 7 Trustee declined to pursue any action against LNV, Plaintiffs filed their adversary proceeding, i.e., *Hook II*. As stated, the Court withdrew the reference on *Hook II*.

Plaintiffs' complaint in *Hook II* is far from a model of clarity, failing to contain short and plain statements of their claims showing they are entitled to relief. *See* Fed. R. Civ. P. 8(a). Regardless, the complaint consists of the following four "matters": (1) their "Verified Answer to LNV's Second Amended Complaint, Affirmative Defenses and Compulsory Counterclaims; and Jury Demand" ("Verified Answer") filed in *Hook I*; (2) grievances about LNV's alleged failure to disclose documents in *Hook I*; (3) LNV's alleged violations of the automatic stay, discharge order, and discharge injunction in Plaintiffs' Chapter 7 bankruptcy case; and (4) whether Plaintiffs are liable to LNV on the promissory note and deed of trust on the real property. The issue before the Court is whether *Hook II* should be dismissed because it is nothing more than an attempt to improperly redo *Hook I*. The Court's review establishes dismissal is proper based on claim and issue preclusion.[2]

---

[2] In light of the Court's determination, it need not reach whether this action is also barred by claim splitting.

## II. DISCUSSION

### A. Claim Preclusion

Federal law controls the preclusive effect of the decisions of federal courts. *Valley Imp. Ass'n, Inc. v. U.S. Fid. & Guar. Corp.*, 129 F.3d 1108, 1120 (10th Cir. 1997). Under federal law, claim preclusion applies if three elements are satisfied: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (quotation marks and citation omitted). An examination of the record shows these elements are met as to all "claims."

First, there has been a judgment on the merits and those issues which Plaintiffs wished to appeal were appealed and affirmed. Plaintiff Smith did not appeal and the time for him to do so has long passed. The orders have preclusive effect even if Plaintiff Hook decides to appeal the most recent decision by the Tenth Circuit. *MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 832 (10th Cir. 2005) ("The appealability of a judgment, however, does not hinder its preclusive effect."). *See also Leo v. Garmin Int'l, Inc.*, 464 F. App'x 737, 740 (10th Cir. 2012) (same). Plaintiffs' conclusory argument to the contrary, without any legal support, do not show otherwise.

Second, the parties are the same: LNV and Plaintiffs.

And, finally, the Verified Answer was *exactly* what was filed in *Hook I* and the Court disposed of all claims and defenses in that case, including those raised in the Verified Answer. *See Hook I* at ECF Nos. 218, 301, 303, 306, 320, 387, 404, 436, 439, 441, and 443. The same holds true for the remaining three matters in Plaintiffs' complaint, to the extent they are claims, as they were raised and rejected in *Hook I*. Sometimes more than once. *See Hook I* at ECF No.

334 (rejecting Plaintiffs' contention that the Bankruptcy Court's order lifting automatic stay was void and that this Court's order reopening case was void and violated the automatic stay); No. 387 (addressing – and rejecting – Plaintiffs' contention that proceeding with *Hook I* violated the Bankruptcy Court's order of discharge and injunction); No. 404 (same); No. 436 (same). *See Hatch*, 471 F.3d at 1149 ("a claim arising out of the same transaction, or series of connected transactions as a previous suit, which concluded in a valid and final judgment, will be precluded" (quotation marks and citation omitted)); *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, -- U.S. --, 140 S. Ct. 1589, 1594, 206 L. Ed. 2d 893 (2020) ("If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." (quotation marks and citation omitted)). Accordingly, these factors are met in this case.

Plaintiffs do not contest that these claims, defenses, or issues were actually decided or necessarily decided. Instead, they contend they did not have a full and fair opportunity to litigate in a Seventh Amendment jury trial. Plaintiffs' argument consists of a single sentence; it is so conclusory that it is deemed waived. Even if not waived, they still would not prevail.

In the context of claim preclusion, the "'full and fair opportunity to litigate' inquiry is a 'narrow exception' that 'applies only where the requirements of due process were not afforded— where a party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings.'" *Johnson v. Spencer*, 950 F.3d 680, 709 (10th Cir. 2020) (citation omitted). However, the Supreme Court "has already held that the right to a jury trial does not negate the issue-preclusive effect of a judgment, even if that judgment was entered by a juryless tribunal."

*B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 150 (2015). And the Seventh Amendment is not violated by the dismissal of a complaint whether by motion to dismiss or by summary judgment – as the Court did in this instance in *Hook I. Smith v. Kitchen*, 156 F.3d 1025, 1029 (10th Cir. 1997) (motion to dismiss); *Overton v. United States*, No. 99-2069, 2000 WL 14274, at *4, 202 F.3d 282 (10th Cir. 2000) (unpublished table decision) (recognizing no Seventh Amendment violation by summary judgment or dismissal of complaint on legal grounds). And Plaintiff Hook appealed these decisions which were affirmed. Accordingly, the lack of jury trial is no barrier to the application of claim (or issue) preclusion.

    **B. Issue Preclusion**

"Once a court has decided an issue, it is forever settled as between the parties." *B & B Hardware, Inc.*, 575 U.S. at 147 (quotation marks and citation omitted). "[A] losing litigant deserves no rematch after a defeat fairly suffered." *Id.* (quotation marks and citation omitted). Specifically, issue preclusion bars successive litigation of an issue of law or fact when "(1) the issue previously decided is identical to the present one; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the previous adjudication; … (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the previous adjudication"; and (5) the litigated issue is essential to the judgment. *Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017); *B & B Hardware, Inc.*, 575 U.S. at 148 (identifying factors (1), (2), and (5)).

    If Plaintiffs are raising the second through fourth matters in the complaint as "issues" relevant to their claims and defenses in the Verified Answer, they are barred by issue preclusion.

Specifically, those issues were previously decided and final judgment was entered,[3] e.g., LNV did not violate any bankruptcy order in proceeding with *Hook I* and LNV had standing and could recover under the deed of trust on the real property. Plaintiffs were parties to *Hook I* and, as addressed above, they had a full and fair opportunity to litigate the issues even though *Hook I* was decided without a jury trial. The issues were essential to the judgment, and Plaintiffs do not argue otherwise. For example, Plaintiffs argued in *Hook I* that the Court lacked subject matter jurisdiction because of the Bankruptcy Court's stay or injunction orders. Accordingly, these issues are barred by issue preclusion.

### III.   CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the ORDER TO SHOW CAUSE (ECF No. 10) is MADE ABSOLUTE;

(2) That this action is DISMISSED WITH PREJUDICE;

(3) That the Clerk shall enter judgment for Defendant and against Plaintiffs; and

(4) That the Clerk shall close this case.

DATED this 27th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[3] As previously stated, an appeal does not negate a judgment's preclusive effect.